**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellant,

v.

MERRILL W. ANDREWS, also
known as Kamanda Kamangeni,

　　　　Defendant - Appellee.

No. 02-3405

**ORDER**
Filed December 5, 2003

Before **TACHA**, Chief Circuit Judge, **PORFILIO,** and **BALDOCK**, Circuit
Judges.

　　　The order and judgment dated September 22, 2003, shall be published.  A

copy of the published opinion is attached.

　　　　　　　　　　　　　　　Entered for the Court
　　　　　　　　　　　　　　　Patrick Fisher, Clerk of Court

　　　　　　　　　　　　　　　By:
　　　　　　　　　　　　　　　　　Amy Frazier
　　　　　　　　　　　　　　　　　Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

MERRILL W. ANDREWS, also
known as Kamanda Kamangeni,

Defendant-Appellee.

No. 02-3405

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 02-CR-10073-01-JTM)**

---

Submitted on the briefs:

Eric F. Melgren, United States Attorney, Brent I. Anderson, Assistant United
States Attorney, Wichita, Kansas, for Plaintiff-Appellant.

David J. Phillips, Federal Public Defender, Timothy J. Henry, Assistant Federal
Public Defender, District of Kansas, Wichita, Kansas, for Defendant-Appellee.

---

Before **TACHA**, Chief Judge, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

**BALDOCK** , Circuit Judge.

---

Defendant Merrill Andrews, a/k/a Kamanda Kamangeni, pled guilty to a one-count superceding indictment charging him with robbing a federally insured credit union in Wichita, Kansas, in violation of 18 U.S.C. § 2113(a). Under the applicable sentencing guidelines, defendant had an adjusted offense level of 29 and a criminal history category of VI, which produced a sentencing range of 151-188 months' incarceration. The district court departed downward to 120 months based on "exceptional community support, as well as aberrant behavior." Aplt's App., Vol. I at 21. The government now appeals. *See* 18 U.S.C. § 3742(b). The government contends that defendant did not meet the guideline requirements for a departure based on aberrant behavior and that the evidence of community support did not establish this to be an exceptional case deserving of departure. We reverse and remand for resentencing.[1]

The standards we apply in reviewing the district court's departure decision have changed of late. Following the Supreme Court's landmark decision in *Koon v. United States*, 518 U.S. 81 (1996), we applied a unitary abuse of discretion standard in reviewing departures. *See, e.g., United States v. Collins*, 122 F.3d 1297, 1303 (10th Cir. 1997). That discretionary review standard changed,

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

however, with the enactment of the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650, which became effective on April 30, 2003. Because this case was pending before us on the effective date of the PROTECT Act, we will apply the Act's new appellate standards on our review.[2]

Section 401 of the PROTECT Act amended 18 U.S.C. § 3742(e) to provide that when a district court departs from the guidelines, the appellate court must review de novo whether the departure is based on a factor that: "(i) does not advance the objectives set forth in section 3553(a)(2); or (ii) is not authorized under section 3553(b); or (iii) is not justified by the facts of this case." 18 U.S.C. § 3742(e)(3)(B). The appellate court also must review de novo whether the district court provided a sufficient written statement of reasons as required by amended section 3553(c). *Id.* § 3742(e)(3)(A).

We recently set forth the analytical framework we will now follow in reviewing departures in *United States v. Jones*, 332 F.3d 1294 (10th Cir. 2003).

> In light of the PROTECT Act's amendments, our review of the district court's sentencing departure shall proceed as follows. First, we must ascertain whether the district court set forth, in a written order of judgment, its specific reasons for departure. Second, we

---

[2]     Other circuits have also applied the PROTECT Act's new appellate standards to cases pending on April 30, 2003.     *See, e.g., United States v. Thurston*, 338 F.3d 50, 71-72 (1st Cir. 2003);     *United States v. Hutman*, 339 F.3d 773, 775 (8th Cir. 2003).

must consider whether the factors the district court relied upon advance the objectives set forth in section 3553(a)(2) and ensure that the district court's reliance on those factors did not violate any specific prohibition in the Guidelines. Our review under this second prong of the analysis is de novo. Third, we must consider whether the factors the district court relied upon were authorized under section 3553(b) and justified by the facts of the case. To determine whether the factors are authorized, we look to 18 U.S.C. § 3553(b)(1), which provides that a district court may depart if there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. This third step in the analysis is commonly called the "heartland" determination. We review de novo this application of the guidelines to the facts . . . . Finally, we must ask whether the district court's sentence departs to an unreasonable degree from the applicable guidelines range. In reviewing the degree of departure, we give due deference to the district court and will not reverse absent an abuse of discretion.

*Id.* at 1299-3000 (quotations, citations, and footnotes omitted).

One of the new requirements of the PROTECT Act amendments is that the district court state its reasons for imposing a particular sentence "with specificity in a written order of judgment and commitment." 18 U.S.C. § 3553(c). The district court here, having no warning of the future requirements when it entered its judgment in October 2002, provided only the following written statement of reasons for the sentence: "The Court departed down to a sentence of 120 months due to exceptional community support, as well as aberrant behavior." Aplt's App., Vol. I at 21. Whether this statement meets the specificity requirement of § 3553(c) is a matter we need not decide in this instance, because we conclude defendant must be resentenced in any event.

-4-

We next consider whether the district court relied on any impermissible factors in concluding that defendant's case fell outside the heartland of bank robbery cases. The district court relied on two factors for departure: community support and aberrant behavior. Community support is akin to community ties, which the guidelines treat as a specific offender characteristic that is "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S. Sentencing Guidelines Manual § 5H1.6 (Nov. 1, 2000) ("U.S.S.G."). As a discouraged factor, community support can be relied on for a downward departure if the district court finds it "is present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines." *Id.* § 5K2.0. Therefore, so long as the facts justify distinguishing this case from the heartland, community support may be a permissible basis for departure.

Aberrant behavior also may support a downward departure "in an extraordinary case," but the guidelines prohibit a district court from relying on aberrant behavior for departure if "the defendant has more than one criminal history point, as determined under Chapter Four . . .; or . . . the defendant has a prior federal, or state, felony conviction, regardless of whether the conviction is countable under Chapter Four." *Id.* § 5K2.20. Here, it is undisputed that defendant had eleven criminal history points and more than one state felony

conviction. Accordingly, the district court erred in relying on aberrant behavior as a factor for departure.

We are left, then, with determining whether the district court correctly determined that the evidence of community support for defendant was sufficient to remove this case from the heartland and warrant a departure. When used as the sole basis for departure, a defendant's support in the community must be "extraordinary." *United States v. Jones*, 158 F.3d 492, 501 (10th Cir. 1998) ("*David Jones*"). Based on our review, we conclude the evidence here does not meet this standard.[3]

The evidence before the district court showed that defendant was born in December 1955 and began committing crimes in his youth. When he was released on parole in June 1999 at the age of forty-three, he had been incarcerated continuously for the previous twenty-one years of his life. While on parole, defendant struggled to find a job, but was finally able to find some part-time jobs. He undertook the care of his handicapped nephew and volunteered with the Boys & Girls Club and with his church. Defendant had been on parole for approximately three years when he robbed a credit union on May 16, 2002.

---

[3] Although we now apply a de novo standard of review under the PROTECT Act, we would reach the same conclusion under the former unitary abuse of discretion standard.

That morning, having recently lost his job, defendant entered the credit union in a mask and brandishing a handgun. He climbed over the teller counter and demanded that the teller put money in the bag he carried. Defendant escaped with the money, but was spotted by a witness who followed him and called the police. When the police joined the pursuit, defendant led them on a high-speed chase that ended when defendant, driving the wrong way down a one-way street, crashed into a large commercial truck. Police apprehended defendant in his car with the money and other paraphernalia from the robbery. Defendant subsequently pled guilty to the charge of bank robbery.

Before sentencing, the district court received letters from several members of the community, including pastors at defendant's church and the Boys & Girls Clubs of South Central Kansas. The letter from the Boys & Girls Clubs, which had been written in April 2002 before the bank robbery, described defendant's volunteer work with the organization since his release in June 1999. It discussed the counseling program he participated in that was aimed at directing male youths away from crime.

At the sentencing hearing, the court also heard comments on defendant's behalf from his mother, his girlfriend, his church sponsor, and two of the pastors who had written letters. These witnesses all related their shock and sadness at defendant's actions and their feelings that they had, in some way, let defendant

down by not recognizing the stress he was under and his need for help. The witnesses described the caring person they knew defendant to be and their belief that further incarceration would not serve either defendant or the community well.

After considering all the information presented, the district court concluded that a departure was warranted for the following reason: "[T]his is not based on the number of letters or the number of people who are here today, but the passion of the people who still believe in him is significant, and it tells me something about the kind of community support that he has. . . . I do recognize what I would consider to be exceptional community support and passion that the community seems to be supporting [defendant.]" Aplt's App., Vol. II at 63.

We conclude that the facts presented to the court did not support a departure, especially when compared with the facts in other cases. In *David Jones*, for instance, the district court had before it twelve letters from community leaders and the victim's close relatives that extolled the defendant's good works and opposed his incarceration, which the court found to be "'very unusual.'" 158 F.3d at 500-501. The district court cited both the defendant's "long history of community service, and his strong support in the community, even among the family of the victim," as two among eleven factors for departure. *Id.* at 500. Under the old standard of review, we held that the district court did not abuse its discretion in relying on either of these factors as "one of several grounds

supporting a departure," *id.*, having previously noted that "[a] factor can be considered in the aggregate if it is 'atypical,' even though it may not be sufficient, in and of itself, to support a departure," *id.* at 499. When we examined each of the grounds as the sole basis for departure, however, we expressed our reluctance to sustain a departure based solely on the defendant's good works under U.S.S.G. § 5H1.6, and we held that the defendant's "support in the community [was] insufficiently 'extraordinary' to support a departure on this basis alone" under U.S.S.G. § 5H1.6. *David Jones*, 158 F.3d at 501.

Here, despite the witnesses' genuine distress that they had not foreseen the events that transpired and their continued belief that defendant was a fundamentally good person who had simply snapped under the strain of his current circumstances and made a poor choice for which he was deeply remorseful, their support for defendant simply cannot be described as extraordinary so as to distinguish this case from the heartland. Because the facts did not justify a departure on the basis of community support, the district court erred in departing downward from the guidelines when sentencing defendant.

We REVERSE defendant's sentence and REMAND to the district court with instructions to impose a sentence within the guideline range. Defendant's motion to supplement the record on appeal is GRANTED.